FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 25 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
SMITH,                              :   07-CV-3053
                                    :
            Plaintiff,              :   October 23, 2007
                                    :
       v.                           :   225 Cadman Plaza East
                                    :   Brooklyn, New York
JETBLUE AIRWAYS,                    :
                                    :
            Defendant.              :
                                    :
----------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR INITIAL CONFERENCE
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:           NO APPEARANCE


For the Defendant:           AUGUST HECKMAN, III, ESQ.




Court Transcriber:           SHARI RIEMER
                             TypeWrite Word Processing Service
                             356 Eltingville Boulevard
                             Staten Island, New York 10312




Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
 1            THE CLERK: Civil Cause for Initial Conference,
 2   Docket Number 07-CV-3053, Smith v. Jetblue Airways.
 3            Will the parties please state your names for the
 4   record?  There is no appearance by plaintiff.  For the
 5   defendant?
 6            MR. HECKMAN: For the defendant, August Heckman of
 7   Morgan, Lewis & Bockius.
 8            THE COURT: The Honorable Lois Bloom presiding.
 9            THE COURT: Good afternoon, Mr. Heckman.  This is a
10   rescheduled initial conference of Mr. Smith's employment
11   discrimination action under Title VII of the Civil Rights Act
12   against his former employer Jetblue.  Mr. Smith originally
13   filed this action in the Western District of New York on
14   January 2, 2006 and the Honorable John Elton transferred the
15   case here on June 13, 2007.
16            The Court sent out an order scheduling an initial
17   conference on September 10, 2007 at which time Mr. --
18            [Pause in proceedings.]
19            THE COURT: Just so the transcript reads clearly, we
20   are in the courtroom and there was a fire alarm that sounded
21   and we've been told we can disregard the fire alarm.
22            To continue, the Court had scheduled an initial
23   conference by sending out an order --
24            [Pause in proceedings.]
25            THE COURT: Sorry for the interruption.
```

1     The Court held the initial conference. Mr. Smith
2 failed to appear.  I rescheduled the conference and gave Mr.
3 Smith notice and he has again failed to appear for today's
4 conference.
5     Mr. Heckman, has he contacted you since the time of
6 the first conference?
7     MR. HECKMAN: No, Your Honor.
8     THE COURT: And Mr. Smith has not contacted the
9 Court.
10    As I said, after he failed to appear on the initial
11 conference date by order dated September 12th I ordered
12 plaintiff to show cause in writing why he failed to appear and
13 I rescheduled the initial conference to today.  Plaintiff was
14 explicitly warned that if he failed to show good cause for why
15 he failed to appear at the first conference date or if he
16 failed to timely appear for today's conference I would
17 recommend that his case should be dismissed for failure to
18 comply with the Court's order.
19    That order which was dated September 12th sent to
20 the address of record for Mr. Smith was not returned to the
21 Court and the Court presumes that Mr. Smith got notice of
22 today's conference and has failed to appear.  I also note that
23 there has been no communication to the Court since the case
24 was transferred.
25    Despite the Court's explicit warning it appears that

1  plaintiff has abandoned this action as he has failed to
2  appear. The conference today was scheduled for 1:30. Let the
3  record reflect that it is now 2:41 p.m. Rule 16(f) of the
4  Federal Rules of Civil Procedure provides that if a party's
5  attorney fails to obey a scheduling order or pretrial order or
6  if no appearance is made on behalf of a party at a scheduling
7  or pretrial conference the judge, upon motion of the judge's
8  own initiative, may make such orders with regard thereto as
9  are just and among others any of the orders provided in Rule
10 37(b)(2)(b) or (c) or (d) under Rule 37 of the Federal Rules.
11           Under 37(b)(2)(c), the Court may dismiss an action
12 for a party's failure to comply with a court order. The
13 severe sanction of dismissal with prejudice may be imposed
14 even against a plaintiff who is proceeding pro se so long as
15 warning has been given that non-compliance can result in
16 dismissal. I'm citing to Valentine v. Museum of Modern Art,
17 29 F.3d 47 at Page 49 (2nd Cir. 1994). This sanction is
18 available against pro se litigants because "while pro se
19 litigants may in general deserve more lenient treatment than
20 those represented by counsel all litigants, including those
21 proceeding pro se, have an obligation to comply with court
22 orders. When they flout that obligation they, like all
23 litigants, must suffer the consequences of their actions."
24 McDonald v. Head Criminal Court Supervisor, 850 F.2d 121 at
25 Page 124 (2nd Cir. 1988).

1    The Court has warned plaintiff in no uncertain terms
2 that I would recommend dismissal of the action if he failed to
3 appear at today's conference.  He has failed without warning
4 or excuse to twice appear for court ordered conferences or to
5 respond in any way to the Court's order to show cause.  The
6 interests of justice are not served by giving plaintiff
7 unlimited chances to comply with court orders. I find that
8 there is no less drastic sanction than dismissal that would be
9 effective in this case.  I therefore recommend that the Court
10 should dismiss plaintiff's action.  Accordingly, it is
11 recommended that plaintiff's complaint should be dismissed
12 pursuant to Federal Rule 37(b)(2)(c).
13    The transcript of today's conference shall be made
14 part of the Court's record pursuant to 28 United States Code
15 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
16 Procedure.  The parties shall have ten days from service of
17 the transcript, which means the sending of the transcript to
18 plaintiff at his address of record, to file written
19 objections.  Any request for an extension of time to file
20 objections must be made within the ten-day period.  Failure to
21 file a timely objection to this report generally waives any
22 further judicial review, and I'm citing to <u>Marcella v. Capital</u>
23 <u>District Physicians Health Plan, Inc.</u>, 293 F.3d 42 (2nd Cir.
24 2002), <u>Small v. Secretary of Health & Human Services</u>, 892 F.2d
25 15 (2nd Cir. 1989).  <u>See</u> <u>Thomas v. Oren</u>, 474 U.S. 140 (1985).

6

 1          Mr. Heckman, as I say, this will be the Court's
 2  report and recommendation. I have read it into the record. It
 3  will be transcribed.  The transcript will be made part of the
 4  record.  Is there anything further that the Court needs to
 5  address today, sir?
 6          MR. HECKMAN: No, Your Honor.
 7          THE COURT: Then this matter is adjourned.  Thank
 8  you.
 9          MR. HECKMAN: Thank you, Your Honor.
10                       *  *  *  *  *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2       I certify that the foregoing is a court transcript from
3  an electronic sound recording of the proceedings in the above-
4  entitled matter.
5
6                                    _____
7                                    Shari Riemer
8  Dated:   October 23, 2007